**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Dale Mallette,** | ) CASE NO. 1:18 CV 2048 |
| **Plaintiff,** | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) **Memorandum of Opinion and Order** |
| **Cleveland Clinic Foundation,** | ) |
| **Defendant.** | ) |

## INTRODUCTION

*Pro se* Plaintiff Dale Mallette filed this action under the Americans with Disabilities Act ("ADA") against his former employer, the Cleveland Clinic Foundation ("Cleveland Clinic"). In the Complaint, Plaintiff alleges he is disabled and he was terminated from his employment. He does not specify the relief he seeks.

## BACKGROUND

Plaintiff's Complaint is very brief. In its entirety, it states:

> On June 27, 2017, I was discharged while in the surgical support tech I position and was informed by Tracy Sheldon that I was being discharged for attendance reasons. I appealed the termination and in September of 2017, my termination reason was changed from attendance to 'other reasons.' I informed the Cleveland Clinic of my disability through then supervisor Benjamin Florez on August 20, 2015 and was told it I could not do all work required without restrictions I would have to find another job.

(Doc. No. 1). He does not specifically state a legal cause of action. However, based on his allegations, the Court liberally construes his Complaint as asserting a claim under the ADA.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## **DISCUSSION**

Plaintiff does not allege sufficient facts to state a plausible claim under the ADA against the Cleveland Clinic. The Court is aware that, at this stage of litigation, Plaintiff is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, the Supreme Court later clarified that a Plaintiff must still provide enough facts to state a claim for relief that is "plausible on its face" and rises above the speculative level. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint never rises above the speculative level. The Court is left to guess at the nature of his impairment, whether he was qualified for and was able to perform the duties inherent in the position he held with or without reasonable accommodation, or why he believes his termination was connected to his alleged disability. Plaintiff's Complaint does not meet the basic pleading requirements to state a claim upon which relief may be granted. See FED. R. CIV. P 8 (complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and the Court is not required to accept unwarranted factual inferences).

## **CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 1/7/19